

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# USA v. Mathis

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1688

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mathis" (2009). *2009 Decisions.* Paper 1160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1688
_____

UNITED STATES OF AMERICA

v.

SHANNON LAMONT MATHIS,
a/k/a
SHAN MONEY

Shannon Lamont Mathis,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00059-001)
District Judge:  The Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2009

BEFORE: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Filed:  June 22, 2009)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

A jury found Shannon Lamont Mathis guilty on two counts of possession with intent to distribute five grams or more of a controlled substance (cocaine base), in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to 185 months' imprisonment on each count. Mathis appeals raising both evidentiary and sentencing issues. We will affirm.

Because we write for the parties, who are familiar with the factual background of this matter, we recount only those facts that are relevant to our disposition. First, Mathis argues that the court should have instructed the jury that Trooper Tylman's prior sworn testimony, concerning his affidavit of probable cause, could be considered as substantive evidence under Rule 801(d)(1)(A) rather than merely as impeachment evidence. Mathis' defense at trial focused on his belief that the arresting officer had a vendetta or grudge against him and that he planted evidence of cocaine base inside the vehicle used to take Mathis to the Erie police station. Second, he argues that Trooper Tylman's allegedly inconsistent prior testimony concerning the circumstances under which the drugs were found in the police car should have been admitted as substantive evidence under that same rule.

As to Trooper Tylman's statement, Mathis' argument fails for a very simple reason: it does not meet the requirements of Rule 801(d)(1)(A). Trooper Tylman's statement is not an inconsistent witness statement because he has not contradicted

2

himself. Also, Tylman testified under oath that he did not see the video surveillance of Mathis' booking nor did Tylman see what took place at the booking counter. Moreover, the District Court permitted defense counsel to cross-examine Trooper Tylman regarding the contents of the probable cause affidavit. Defense counsel attempted to point out alleged inconsistencies between Tylman's affidavit and Officer Nolan's testimony at trial. On these facts, there is no Rule 801(d)(1) issue and thus there are no grounds for counsel to object to the District Court's refusal to provide an 801(d)(1) instruction.

Before trial, the Government filed a motion pursuant to Fed.R.Evid. 404(b) seeking permission to introduce Mathis' prior drug conviction. The District Court denied this request, but indicated the Government would be permitted to impeach Mathis with this information should he testify in his own defense. The District Court specifically warned defense counsel of the risks involved. Defense counsel ignored the District Court's warnings and specifically asked arresting officer Nolan several questions to elicit reasons why Mathis was being followed. During a sidebar conference, the police officer indicated that if he answered the question, he would testify that he has known Mathis all his life and that he knew of Mathis' previous drug crimes. Ultimately, the District Court permitted Officer Nolan to answer the question why he was following Mathis: "The reason why I followed him is because I know that he's on federal supervision for a prior drug conviction."

3

The District Court did not abuse its discretion. Defense counsel disregarded a clear warning from the District Court and opened the door to this damaging answer by questioning Nolan's reason for following Mathis. Moreover, the District Court gave an appropriate cautionary instruction to the jury that they may not consider the fact of Mathis' prior conviction for a drug crime as evidence that he committed the present crimes, but may "only consider those facts as you consider what Lieutenant Nolan's motive was in following Shannon Mathis on the day of arrest."

Mathis also argues that the District Court erred in calculating the applicable Guidelines range and that his sentence was unreasonable. The District Court determined that a two-level increase in the offense level for obstruction of justice, U.S.S.G. § 3C1.1, was warranted. After hearing testimony, the District Court found three instances of retaliatory and threatening behavior that were not taken into account by § 3C1.1. One offense level point was added for each action. Mathis was sentenced to 185 months imprisonment on each count, to run concurrently, and eight-years supervised release.

Mathis maintains that the Government did not prove these sentencing enhancements beyond a reasonable doubt. Next, he argues that he was entitled to have a jury determine the facts surrounding the enhancements. These arguments are, of course, precluded by our decisions in *United States v. Fisher*, 502 F.3d 293 (3d Cir. 2007) and *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007).

4

Mathis additionally argues that the evidence supporting the upward departure was insufficient. We are satisfied with the District Court's finding that Mathis obstructed justice. Obstruction of justice under U.S.S.G. § 3C1.1 includes "threatening, intimidating, or otherwise unlawfully influencing a ... witness ... directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, cmt. n. 4(a). Mathis threatened Carmen Dawson when he said "you're going to die bitch." App. 143. Further, the District Court found that Mathis threatened harm to Hercules Rieger and his family. *Id.* Finally, the District Court found that the government had proven that Mathis threatened Chad Bolden with a gesture of moving his fingers across his neck. *Id.* Thus, we conclude that the District Court did not err by finding that Mathis willfully obstructed justice. See U.S.S.G. § 3C1.1, comment. (n.4(a)) (obstruction-of-justice enhancement is warranted when defendant threatens, intimidates, or otherwise unlawfully influences co-defendant, witness, or juror, directly or indirectly, or attempts to do so). The District Court properly departed upwards for the obstruction of justice not adequately taken into consideration by the Guidelines.

For the foregoing reasons, we will affirm the conviction and judgment of sentence.